IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT WALL, # 13965052**                                                  **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 5:09-cv-88-DCB-MTP**

**JEFF ALLEN, BUREAU OF PRISONS,
BRUCE PEARSON, ERIC HOLDER
AND JOHN DOES**                                               **DEFENDANTS**

MEMORANDUM OPINION

Plaintiff, was an inmate incarcerated in the Federal Correctional Complex - Yazoo, Yazoo City, Mississippi, when he filed this Bivens[1] complaint on May 26, 2009. On October 5, 2009, an order [7] was entered directing plaintiff to file a written response, on or before October 23, 2009. The plaintiff was warned in this court's order [7] of October 5, 2009, that failure to advise this court of a change of address or failure to timely comply with any order of this court may lead to the dismissal of his complaint. The plaintiff failed to comply with this order [7].

In an order [9] entered December 14, 2009, plaintiff was directed to show cause why this case should not be dismissed for his failure to comply with this court's order [9] of October 5, 2009. Additionally, plaintiff was directed to comply with the October 5, 2009, order [9], on or before January 4, 2010. On December 21, 2009, the envelope [10] containing this court's order [9] was returned by the postal service with the notation "return to sender". The plaintiff was warned in the show cause order [9] that failure to advise this court of a change of address or failure to timely comply with any order of this court would result in this cause being dismissed. The plaintiff failed to comply with the show cause order [9].

Plaintiff has failed to comply with two court orders and has not contacted this court since

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

August 6, 2009.  This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See generally Link v. Wabash R.R., 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998);  McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  Id. at 629-30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  See Munday/Elkins Auto. Partners, LTD. v. Smith, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be dismissed without prejudice.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 27th  day of January, 2010.


           s/David Bramlette
           UNITED STATES DISTRICT JUDGE